520 A.2d 907

Lawrence J. Fedigan, Appellant *v.* City of Pittsburgh; Thomas Flaherty, Controller, City of Pittsburgh; Jeanne Terrence; Robert W. Kubit, and Scott E. Becker, Appellees.

Argued March 14, 1986, before Judge CRAIG and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Lindsley Wyatt Love,* with her, *Robert O. Lampl* and *Janice L. Morison,* for appellant.

*Robert B. Smith,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee, City of Pittsburgh.

OPINION BY JUDGE BLATT, February 3, 1987:

Lawrence J. Fedigan (appellant) appeals the November 1, 1984 order of the Court of Common Pleas of Allegheny County (trial court) which dismissed, with prejudice, the City of Pittsburgh (City) as a defendant from the appellant's declaratory judgment action.

From September 9, 1973 through July 16, 1984, the appellant had been an employee of the Pittsburgh City Controller's Office. On the latter date, he was discharged for allegedly living outside of the City, in violation of Section 181.02 of the Pittsburgh Code (Code).[1]

---

[1] Section 181.02 of the Code provides:
RESIDENCY REQUIRED; EXCEPTIONS.

All City employees and officials, including but not limited to Police Department and Fire Department personnel, shall be domiciled in the City at the time of their

The appellant's complaint named as defendants: the Pittsburgh City Controller, Thomas Flaherty (Controller); Jeanne Terrence and Rober W. Kubit, Controller employees and members of the Controller's Personnel Committee; Scott E. Becker, Solicitor for the Controller (collectively, the individual defendants); and the City.

The City filed an answer which essentially denied that an employment relationship had existed between the appellant and itself and which contended that the appellant's complaint should be dismissed as against the City for an alleged failure to state a cause of action against it.

The individual defendants filed preliminary objections to the complaint and a hearing thereon was scheduled for October 17, 1984. On the appellant's motion, with the agreement of all of the parties, the trial court continued this hearing until November 1, 1984, with notice thereof to all of the parties.[2]

At the November 1, 1984 hearing, counsel for the City appeared and orally moved to dismiss the appellant's suit as against the City. This motion was granted and the trial court ordered the City dismissed as a defendant with prejudice. The trial court also sustained the individual defendants' preliminary objections, granting the appellant twenty days leave to amend his complaint.

---

initial appointment and shall continuously maintain their domicile within the City throughout their terms of employment with the City.

[2] The trial court's order of continuance is as follows:

AND NOW, this 17th day of October, 1984, upon consideration of the foregoing Motion For Continuance, IT IS ORDERED that the *hearing on the individual Defendants' preliminary objections* scheduled for October 17, 1984 at 10:00 a.m. is continued until November 1, 1984 at 11:00 am, P.T [sic] (Emphasis added.)

The appellant filed an amended complaint on November 28, 1984. On November 29, 1984, counsel for the appellant filed, with the trial court, an affidavit stating that he, on behalf of the appellant, had caused, by letter dated November 12, 1984, a motion to vacate the trial court's November 1, 1984 order dismissing the City to be delivered to the trial court, with service to all of the parties, and that his November 12, 1984 letter had requested a hearing on that motion.[3] The City filed an answer to this motion on November 29, 1984. On November 30, 1984, the appellant filed his notice of appeal to this Court. The appellant's suit against the individual defendants has continued without the City as a party.

The initial question presented on appeal is whether or not the trial court erred in dismissing the City as a defendant.

The appellant argues that, inasmuch as the order scheduling the November 1, 1984 hearing expressly restricted the purpose of that hearing to the consideration of the individual defendants' preliminary objections, he was not afforded proper notice that the City would move for summary judgment at that proceeding and that, therefore, it was error for the trial court to permit the City to do so. The City responds that, inasmuch as its answer to the complaint contained a demur-

------

[3] The appellant's counsel's November 12, 1984 letter to the trial court is as follows:

Enclosed is a Motion to Vacate Order of Court, I would like to present it, at the convenience of the Court. Please indicate an appropriate date and time.

The appellant's brief maintains that the trial court took no action on his motion to vacate, and our review of this record does not indicate that such a hearing was ever scheduled. We note, however, that the record contains no indication that this motion was ever *filed* with the common pleas court as required by Pa. R.C.P. No. 227.1.

rer, and inasmuch as it filed a brief with the trial court in support of its request to be dismissed as a defendant, the appellant cannot now claim unfair surprise at the November 1, 1984 hearing. We, however, are constrained to agree with the appellant.

As is reflected above, the October 17, 1984 order continuing the hearing to November 1, 1984 expressly restricted the scope of that hearing to the consideration of the individual defendants' preliminary objections. We cannot allow another defendant to enlarge the scope of the inquiry at a judicially scheduled hearing to the prejudice of the plaintiff without appropriate advance notice thereof to the plaintiff. Accordingly, we will reverse the order of the trial court which dismissed the City as a defendant, and will remand this matter to the trial court so that the case may proceed with the City as a defendant according to the usual procedures.[4]

ORDER

AND NOW, this 3rd day of February, 1987, the November 1, 1984 order of the Court of Common Pleas of Allegheny County which dismissed the City of Pittsburgh as a defendant in the above-captioned matter is reversed and the record is remanded to that court for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

---

[4] Due to our resolution of the procedural question here, we need not address the other issues presented by the appellant.